# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR416-085 |
| | ) | CV419-026 |
| JEREMY ALPHONZO JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Following a guilty plea to a charge of possessing ammunition as a
convicted felon, Jeremy James was sentenced to 77 months' imprisonment
in January 2017.  Doc. 63 (Judgment).[1]  He appealed, and the Court of
Appeals affirmed the judgment.[2]  *See* docs. 66 (Notice of Appeal) & 89

---

[1] The Court is citing to the criminal docket in CR416-085 unless otherwise noted, and
all page numbers are those imprinted by the court's docketing software.

[2] In 2017, James filed what appears to be a copy of a letter he sent to his appointed
counsel.  Doc. 83.  It complained of counsel's performance and objected to the
arguments he raised in an appellate brief.  *Id.*  The Clerk docketed that letter as a
"Motion to Appoint New Counsel."  *Id.*  At the time it was filed, it is not clear that this
Court had jurisdiction to consider it.  *See, e.g., United States v. Riolo*, 398 F. App'x 568,
571 (11th Cir. 2010) ("Generally, the filing of a notice of appeal deprives a district court
of jurisdiction over all of the issues involved in the appeal.").  Further, while a criminal
defendant has a right to counsel on appeal, he does not have the right to dictate that
counsel's strategy or judgment on the merits of issues.  *See, e.g., Jones v. Barnes*, 463
U.S. 745, 754 (1983) (rejecting rule that would require appointed appellate counsel to
raise every issue urged by a defendant because "[f]or judges to second-guess reasonable
professional judgments and impose on appointed counsel a duty to raise every
'colorable' claim suggested by a client would disserve the very goal of vigorous and
effective advocacy.").  Thus, even assuming the Court had (or, indeed, now has)

(Court of Appeals' mandate).  He now moves to vacate his conviction on the grounds that he received ineffective assistance from counsel at trial and on appeal.  Doc. 90 at 4-5.

James contends that his motion is timely filed.  Doc. 90 at 10; doc. 91 at 1.  The Court of Appeals' judgment became final on January 15, 2018.  *See, e.g., Michel v. United States*, 519 F.3d 1267, 1268 n. 1 (11th Cir. 2008) (explaining that "[w]hen no petition for writ of certiorari is filed, the [Court of Appeals'] judgment becomes final for § 2255 purposes when the time for filing the petition expires."); Sup. Ct. Rule 13 (requiring petition for certiorari from judgment of the Court of Appeals to be filed within 90 days of judgment); doc. 89 at 2 (Court of Appeals' judgment entered Oct. 17, 2017).  He had one year from that date to file his § 2255 motion.  *See* 28 U.S.C. § 2255(f).  He filed his motion on January 11, 2019.[3]  *See, e.g., Bullock v. United States*, 655 F. App'x 739, 741 (11th Cir. 2016) (citing

---

jurisdiction, the motion appears meritless.  Regardless of the state of the Court's jurisdiction when the "motion" was filed or its merits, it is now clearly moot.  Accordingly, the Clerk is **DIRECTED** to terminate the motion.  Doc. 83.

[3] Jones' motion inconsistently asserts that he placed it in his prison's mailing system on January 11 and January 12, 2019.  *Compare* doc. 90 at 10 (alleging motion was "submitted for filing January 12, 2019"), *with id.* at 12 (declaring that "this Motion under 18 U.S.C. § 2255 was placed in the prison mailing system on January 11, 2019.").  However, since either date is within the limitations period, the inconsistency is irrelevant.

*Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001))
("Under the 'prison mailbox rule,' a *pro se* prisoner's section 2255 motion
is deemed filed on the date the prisoner delivers the motion to prison
authorities for mailing."). His petition, therefore, appears[4] timely.

Although timely, it is no more than a "placeholder" motion. The
motion itself contains no more than conclusory recitations of the asserted
grounds, without any factual support or argument.[5] *See* doc. 90 at 4-5.
Accompanying his motion is a request to hold consideration of the motion
in abeyance for 90 days to allow him to acquire court records and support

---

[4] The Government is, of course, free to rebut the "mailbox rule" presumption. *See,
e.g., Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence
to the contrary, we assume that a prisoner delivered a filing to prison authorities on
the date he signed it. . . . The burden is on the Government to prove the [filing] was
delivered to prison authorities on a date other than the date the prisoner signed it.").

[5] Ground One asserts, unedited and in full: "Counsel's Representation fell below a
standard of reasonableness when he failed to object or bring to the Court attention:

    1) Fatal errors contained in the indictment
    2) Fatal errors in affidavit for Search Warrant
    3) Constitutional errors in the PSR – unwarranted enhancements
       A) Improper 4 level enhancement
    4) Failed to adequately explain Plea Agreement".

Doc. 90 at 4.

Ground Two asserts, again unedited and in full: "Appeal Counsel's Representation fell
below a reasonable standard when he failed to

    1) Communicate claims for Appeal
    2) Failed to raise requested Constitutional claims, when requested".

*Id.* at 5.

his claims.  Doc. 91 at 2.

As this Court has explained, "[a]n extension of time in a § 2255 case may only be granted if (1) the movant requests the extension upon or after filing the § 2255 motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period." *Collins v. United States*, 2009 WL 3379071 at * 1 n. 1 (S.D. Ga. Oct. 20, 2009).  Although filing an "abbreviated" § 2255 motion may satisfy the first requirement, *see id.*, Jones points to no "rare and exceptional circumstances" sufficient to warrant equitable tolling.  He protests that his attorney has not sent "a copy of his case file, with his transcripts, and discovery to allow him to properly cite, and support the claims in the § 2255."  Doc. 91 at 2.  A movant's "inability to obtain documents to assist him in preparing his § 2255 motion [does] not constitute an extraordinary circumstance warranting tolling." *Goins v. United States*, 2017 WL 235187 at * 1 (S.D. Ga. Jan. 18, 2017) (citing, *inter alia*, *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992)).  His request to hold his § 2255 motion in abeyance, therefore, is **DENIED**.

It is clear that Jones' claims, as presented, are insufficient. "[C]onclusory claims—unsupported by any facts or argument of any

4

kind—do not entitle a movant to § 2255 relief." *Collins*, 2009 WL 337901 at * 1 (citing, *inter alia*, *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973)); *see also Goins*, 2017 WL 235187 at * 1 (movant's "general claims his lawyers' actions constituted [ineffective assistance] . . . are not allegations sufficient to support a claim under section 2255." (quotes and cites omitted)).  Accordingly, James' § 2255 motion should be **DENIED**.[6]

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

---

[6] Although the lack of any factual support is fatal to James' motion, he is free to argue that any subsequently filed amendment relates back to the date of its filing. *See Dean v. United States*, 278 F.3d 1218, 122 (11th Cir. 2002) (Federal Rule of Civil Procedure 15 allows relation back of amended claims "even if one or both claims do not explicitly state supporting facts.  When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it.").  The Court cannot, however, prospectively determine relation back.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

6

**SO REPORTED AND RECOMMENDED,** this <u>7th</u> day of

February, 2019.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia